UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THOMAS L. PANEK, as Administrator of the    03-CV-0644E(Sc)
  Buffalo Laborers Welfare Fund, Buffalo Laborers
  Pension Fund, Buffalo Laborers Education and
  Training Fund, Buffalo Laborers Supplemental
  Unemployment Benefit Fund and Buffalo Laborers
  Annuity Fund, and
LABORERS' LOCAL 210, LABORERS INTERNATIONAL
  UNION OF NORTH AMERICA,    MEMORANDUM

              Plaintiffs,    and

   -vs-    ORDER[1]

DONALD J. BRAASCH CONSTRUCTION, INC.,

              Defendant.
_____

## BACKGROUND

In this action, commenced under the Employee Retirement Income Security Act, 29 U.S.C. §1101 *et seq.*, the plaintiffs, which are several multi-employer benefit funds and one union (collectively "the Funds"), contend that Donald J. Braasch Construction, Inc. ("Braasch") improperly failed to make $8,793.94 in contributions to the Funds in violation of a collective bargaining agreement. Pending before the Court is the Funds's Renewed Motion for Summary Judgment

---

[1] This decision may be cited in whole or in any part.

seeking, pursuant to 29 U.S.C. §1132(g)(2)[2], an award of interest, statutory damages and costs.[3]

In opposition to the motion, Braasch argues that the Funds have incorrectly calculated the amount of interest owed on the delinquent contributions such that Braasch does not owe any additional interest and that the Funds are not entitled to a second amount of interest as statutory damages.

---

[2] Section 1132(g)(2) of Title 29 of the United States Code states:

**(g) Attorney's fees and costs; awards in actions involving delinquent contributions**
    (2) In any action under this subchapter by a fiduciary or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
        (**A**) the unpaid contributions,
        (**B**) interest on the unpaid contributions,
        (**C**) an amount equal to the greater of —
            (**i**) interest on the unpaid contributions, or
            (**ii**) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (**A**),
        (**D**) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
        (**E**) such other legal or equitable relief as the court deems appropriate.
For purposes of this paragraph, interest on unpaid contributions shall be determined by using he rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

[3] On April 14, 2004 Braasch paid its delinquent contributions in the amount of $8,793.94 and also made a partial interest payment in the amount of $1,142.81. Upon its first Motion for Summary Judgment, this Court awarded the Funds attorney's fees in the amount of $6,873.25 and audit costs in the amount of $351.51, in a Memorandum and Order dated November 25, 2005.

**DISCUSSION**

Summary judgment is appropriate if the moving party can demonstrate that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In other words, the moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. *See MatsushitaElec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In deciding a motion for summary judgment, the Court must resolve all ambiguities and draw all inferences in favor of the nonmoving party. *See Savino* v. *City of New York*, 331 F.3d 63, 71 (2d Cir. 2003). At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *See Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

A. <u>Interest on Unpaid Contributions and Double Interest</u>

As the Court noted in its November 2005 Memorandum and Order, the Funds are entitled as a matter of law to both the payment of interest, or here the remainder of interest, pursuant to §1132(g)(2)(B) and a second amount of interest pursuant to subsection §1132(g)(2)(C) and the applicable sections of the collective bargaining agreement. *See Iron Workers Dist. Council of W. New York & Vicinity Welfare & Pension Funds* v. *Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d

1502, 1506 (2d Cir. 1995). Again, however, there is a question as to the proper interest rate to be applied.

Braasch entered into three Agreements with the Funds. The first and second Agreements covered a period from 1999 to June 30, 2002. Both of those Agreements stated that the interest rate to be applied to delinquent contributions is that contained in 26 U.S.C. §6621. The third Agreement, however, took effect on July 1, 2002 and is still in effect. The third Agreement allegedly provides for a 10% rate of interest on delinquent contributions. Braasch had failed to make contributions for an employee from July 2001 until March 2002. The Funds has provided *no legal authority* for its position that it is entitled to choose which interest rate to apply to the delinquent contributions. In fact, contrary to the Funds' representation, the third Agreement does not provide for a 10% interest rate on delinquent contributions until the date of this Court's judgment. Rather, Article X, §10(b) provides:

> "In the event that formal proceedings are instituted before a Court of competent jurisdiction to collect delinquent contributions and a Court renders a judgment in Favor of the Funds, the Employer shall pay to the Funds (i) the unpaid contributions, (ii) interest on unpaid contributions *at the rate prescribed by section 6621 of Title 26 of the United States Code* \*\*\*."

*See* Vollbrecht Aff. Ex. G. Thus, according to the third Agreement, in the current circumstances, the Funds is entitled to interest at the statutory rate.[4] The Funds utter failure to support its position that it is entitled to choose its applicable interest rate and that such applicable interest rate is 10%, as well as the clear language of the Agreements that the §6621 interest rate should apply, requires this Court to award interest and statutory damages at the rate set forth in 26 U.S.C. §6621.

The Funds, perhaps in recognition that the 10% rate of interest is not appropriate, also set forth calculations for interest due and statutory damages based on the 26 U.S.C. §6621 rate. Braasch does not object to the rate utilized by the Funds, but objects to the manner in which interest was calculated. The Court has reviewed the calculations provided by the Funds and it appears that interest was properly calculated based on the contributions as they came due. Thus, the Court will adopt the calculations provided by the Funds, and award the Funds $129.47 in interest pursuant to §1132(g)(2)(B) and $1,272.28 pursuant to §1132(g)(2)(C). *See* Vollbrecht Aff. Ex. I.

---

[4] Moreover, even if the third Agreement did provide for the 10% interest rate in these circumstances, the Funds has failed to argue why it should be entitled to collect such rate for the time period prior to the effective date of the third Agreement.

C. <u>Costs</u>

The Funds seek $190 in Court costs. Braasch has not objected to the requested Court costs of $190 and therefore the Court awards the same.

Accordingly, it is **ORDERED** that the Funds' Renewed Motion for Summary Judgment is granted and the Funds are hereby awarded $129.47 in interest pursuant to 29 U.S.C. §1132(g)(2)(B) and a second award of interest of $1,272.28 as statutory damages pursuant to §1132(g)(2)(C), and $190 in Court costs and, as previously **ORDERED** in this Court's November 2005 Memorandum and Order, audit costs of $351.51 attorney's fees in the total amount of $6,873.25, and judgment shall enter accordingly.

The Clerk of the Court is directed to take all steps necessary to close the case.

DATED:   Buffalo, N.Y.

   July 24, 2006

                                               */s/ John T. Elfvin*
                                               JOHN T. ELFVIN
                                               S.U.S.D.J.